## Ramschasel's Estate.

*Appeals—Assignments of error—Practice, Superior Court.*

Assignments of error in an appeal from the orphans' court to the effect that the court erred in allowing certain claims, and that the court erred in " holding " that the claims were properly proved, without more, are insufficient under Rules 15 and 16, and will not be considered.

Argued Oct. 7, 1902.  Appeal, No. 286, Oct. T., 1901, by Catherine Ramschasel, from decree of O. C. Phila. Co., Oct. T., 1900, No. 52, dismissing exceptions to adjudication in estate of John Ramschasel, deceased.  Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.  Affirmed.

Exceptions to adjudication.

The adjudication of PENROSE, J., was as follows :

Claims, identical in item and amount, were presented on behalf of A. R. Crosta, A. B. Taylor and J. W. Vanhorn, viz : for twenty-six days' attendance as witnesses in Ramschasel v. The City, in common pleas, No. 3, March term, 1892, No. 1064, at $5.00 per day, $130, and interest from January 14, 1898, $29.25, amounting in all to $159.25 for each, the claim of Mr. Crosta being proved by Mr. Taylor and Mr. Vanhorn, that of Mr. Taylor by Mr. Vanhorn, and that of Mr. Vanhorn by Mr. Taylor.

The testimony of each was substantially the same, viz : that the claimants and the decedent were in the corridor of the Ledger Building, outside of the office of Mr. Shields, who was his counsel, and that the decedent promised $5.00 per day to each for testifying as an expert witness in the case mentioned.  The case was on the trial list, and the claimants were in attendance February 7 and 8, and October 11, 1894; February 6, 12 and 13, April 28 and 29, and October 15 and 16, 1895; January 9, 13, 14, April 8, 27 and 28, and May 1 and 2, 1896; January 18, 19 and 20, April 14 and 15, and October 21, 1897; and January 13 and 14, 1898.  Whether the suit is still pending or not, the witnesses were unable to say, though it would seem from the statements of counsel that it had been abandoned.

The statute of limitations was pleaded by Mr. Schewe as to so much of the claims as arose before six years prior to the present date, and as witness fees are payable at the time the witness is in attendance, a right of action to that extent being then complete, the defense must be sustained.  That such fees may then be claimed is clear, it being well settled that the witness is not bound to obey the mandate of a subpoena unless his fees are paid or tendered to him at the time of service.  It may be added that the law does not regard with favor claims against the estates of dead men, accruing during a period of years and not presented as legal demands until after his death.  It is true in this case, that Mr. Colfelt testified that the claims were placed in the hands of counsel sometime before the decedent's death, but that he could never get any satisfactory statement either from the decedent or his counsel, and suit was never brought by him, though this was at least a year before the death.

All items prior to October 11, 1895, are barred by the statute, and the recovery must be confined, therefore, to those subsequent to that date, viz : two days in October, 1895, eight days in 1896, six days in 1897, and two days in 1898, making eighteen days in all.

Catherine Ramschasel and Reuben Windisch, filed the following exceptions :

1. The learned auditing judge erred in allowing the claim of the said J. W. Vanhorn.

2. The learned auditing judge erred in allowing the claim of the said A. R. Crosta.

8. The learned auditing judge erred in allowing the claim of the said A. B. Taylor.

The court dismissed the exceptions in the following opinion :

We have carefully considered the subject of the exceptions, and, notwithstanding the able and earnest argument of counsel, we see no reason to differ from the conclusion reached by the auditing judge. We are fully of opinion that there is no occasion for complaint. The claims were properly reduced, and this is not the subject of exception; and we think not only [were the claimants entitled to recover under the agreement made with them by the decedent,] but that they [were severally competent to prove each other's claim.] They were disinterested in the subject of the claim in which they were called to testify.

For these reasons the exceptions are dismissed and the adjudication confirmed.

*Errors assigned* were as follows :

1. The learned court below erred in allowing the claim of the said J. W. Vanhorn.

2. The learned court erred in allowing the claim of the said A. R. Crosta.

3. The learned court erred in allowing the claim of the said A. B. Taylor.

4. The learned court erred in holding that the said claims were properly proved.

5. The learned court erred in holding that the claimants [were entitled to recover under the agreement made with them by the decedent.]

6. The learned court erred in holding that the claimants [were severally competent to prove each other's claims.]

*Error assigned* was in dismissing exceptions to adjudication.

*Adolph Schewe*, for appellant.

*Lewis Worthington Colfelt*, for appellee.

PER CURIAM, December 13, 1902:

The alleged errors of the court below are complained of in

six several assignments. Four of them relate to rulings of the court and two of them to the evidence adduced before the court upon which the rulings were based. None of them are in accordance with our rules. Three allege that the court erred in " allowing" certain claims and three of them that the court erred in " holding" that the claims were properly proved, etc. It is needless to say, in view of what has been often and recently said, that such assignments are not sufficient under Rules 15 and 16. What were the rulings of the court under which the claims were allowed ? They are not set forth. How was the question, as to the competency of the evidence upon which the allowance was made, raised ? There does not seem to have been an exception anywhere to the admission of testimony and, if there had been, the offer, the objection and the admission are not referred to in any way in the assignments of error. It is impossible for us, therefore, to consider these assignments, without a manifest disregard of our rules, which are not arbitrary but necessary to enable us to intelligently examine and consider the alleged errors complained of.

The claims of the several claimants were reduced by reason of the fact that a part of each was barred by the statute of limitations and the claims were reduced accordingly by the court below. In view of this, the declaration of the court below in the opinion dismissing the exceptions to the adjudication made by Judge PENROSE, " We are fully of opinion that there is no occasion for complaint " may not be far from correct.

An interesting question in the case as to the validity of a contract to pay real estate expert witnesses for their attendance upon court might have been raised but, as no question of this kind or any other is properly presented by the assignments of error, they must all be disregarded.

The decree of the court below is affirmed and the appeal dismissed at the costs of the appellant.