# Ramschasel's Estate.

*Witnesses—Fees—Special contract—Experts.*

The law having fixed the amount to be paid witnesses for their attendance upon court, a special contract to pay more than the regular witness fee in ordinary cases is void for want of consideration, and as being against public policy.

A person who has been summoned as a witness in a change of grade proceeding cannot recover, under a special contract, a witness fee in excess of the legal rate, where it appears that his knowledge of the facts in regard to the value of the property as affected by the change of grade, is common to persons in the neighborhood who are familiar with the property, and is not based upon such previous study and training, or investigation, as is usually required on the part of those who are called as technical experts.

Argued Oct. 7, 1902.   Appeal, No. 286, Oct. T., 1901, by Catherine Ramschasel, from decree of O. C. Phila. Co., Oct. Term, 1900, No. 52, dismissing exceptions to adjudication in estate of John Ramschasel, deceased.    Before RICE, P. J., BEAVER, ORLADY, W. W. POTTER and W. D. PORTER, JJ. Reversed.

Exceptions to adjudication.

The facts appear by the opinion of the Superior Court.

*Error assigned* was " in holding that the claimants were entitled to recover under the agreement made with them by the decedent."

*Adolph Schewe*, for appellant.—If there was a promise to pay the claimants a sum greater than that allowed by statute, and the claimants did no more than they were legally required to do under the subpœna, such promise was without consideration and void: Walker v. Cook, 33 Ill. App. Ct. 561 ; Dodge v. Stiles, 26 Conn. 463 ; Com. v. Higgins, 5 Kulp, 269.

*Lewis Worthington Colfelt*, for appellee.—It is a well established principle that witnesses who are called to testify concerning subjects upon which they have special knowledge, and whose opinions are desired as experts, are not required to obey subpœnas: 1 Redfield on Wills, note 46 to par. 31, pages 154–5 ; Webb v. Page, 1 Carr & Kirw. 23 ; Buchman v. State, 59 Ind. 1 ; U. S. v. Howe, 12 Central L. J. 193 ; People v. Montgomery, 13 Abb. Pr. (N. S.) 207.

OPINION BY BEAVER, March 14, 1904 :

When this case was previously heard, 21 Pa. Superior Ct. 497, we dismissed the appeal on the ground that the assignments of error were not framed in accordance with our Rules 15 and 16.   Upon an application for reargument and a reconsideration of the subject, it was concluded that the fifth assignment of error, although not quoting the language of the court below in its opinion as such, nevertheless being in the language of the court's decree which was its only opinion, fairly raised the question as to the right of the appellees to recover under the

agreement made with each of them by the decedent. The validity of a contract to pay so-called real estate expert witnesses for their attendance upon court being an important question and being in effect raised by the assignment of error above referred to, it was thought best to reconsider the case, reinstate the appeal and dispose of it upon its merits.

The appellees each claimed $5.00 per day, under a special contract with the decedent, for attending court as witnesses in a proceeding in which the decedent claims damages for a change of grade of Frankford street, upon which his property abutted. The special contract was attempted to be justified on the ground that the claimants were expert witnesses and that they had, therefore, the right to be paid whatever sum might be agreed upon between the decedent and each of them respectively. The testimony nowhere shows that they were expert witnesses. Taylor, one of the claimants, testifying as to the claim of Van Horn, stated that he was in the lumber business and also a director in a building association and that he had special knowledge of properties in the vicinity. Van Horn, testifying as to Taylor's claim, said, " Mr. Taylor has expert knowledge of property in that neighborhood and he has been examined in other cases." None of the claimants testified as witnesses and there is no other evidence than that above stated tending to establish their qualifications as experts. No facts were given in evidence upon which a court could base an opinion as to the qualifications of the witnesses as experts. It was not shown in any way that they had taken time to examine the property with special reference to their testimony in regard to the damages suffered by the decedent. It is to be assumed, therefore, that they were summoned as witnesses, because of their knowledge of facts in regard to the value of the property in question as affected by the change of grade which was common to persons in the neighborhood who were familiar with the property. Was a special contract, therefore, for the payment of a sum in excess of legal witness fees valid under the circumstances ? We think not.

It is scarcely necessary to cite authority for the proposition that the law having fixed the amount to be paid witnesses for their attendance upon court, a special contract to pay more than the regular witness fees in ordinary cases is void

for want of consideration and as being against public policy.

"The administration of justice being a source of mutual benefit to all the members of a community, each is under obligation to aid in furthering it, as a matter of public duty, and every competent citizen may be summoned by due process of law to appear and render personal services in court without right on his part to a special compensation for so doing. His time is claimed by the public as a tax paid by him to that system of law which protects his rights as well as those of others: Ex parte Dement, 53 Ala. 389; 25 Am. Rep. 611, quoting from Ordronaux Medical Jurisprudence, 1860, 138." Note to Dixon v. People (168 Ill. 179), 39 L. R. A. 116 (48 N. E. Repr. 108).

The difficulties and dangers which surround so-called expert testimony are well understood by the profession and it is the manifest duty of our courts to carefully scan all special contracts relating to the employment of experts, providing for the payment of special compensation in addition to the witness fees allowed by law.

"Experts, in the strict sense of the word, are 'persons instructed by experience:' 1 Bouv. Law Dic. in verb. But, more generally speaking, the term includes all 'men of science,' as it was used by Lord MANSFIELD in Folkes v. Chadd, 3 Doug. 157; or 'persons professionally acquainted with the science or practice' in question; Strickland on Evid. 408; or 'conversant with the subject-matter, on questions of science, skill, trade and others of the like kind:' Best's Principles of Evid. sec. 346. The rule on this subject is stated by Mr. Smith in his note to Carter v. Boehm, 1 Sm. Lead Cas. 863. 'On the one hand,' he observes, 'it appears to be admitted that the opinion of witnesses possessing peculiar skill is admissible, whenever the subject-matter of inquiry is such that inexperienced persons are unlikely to prove capable of forming a correct judgment upon it, without such assistance; in other words, when it so far partakes of the nature of a science as to require a course of previous habit or study in order to the attainment of a knowledge of it; see Folkes v. Chadd, 3 Doug. 157; R. v. Searle, 2 M. & M. 75; Thornton v. R. E. Assur. Co., Peake, 25; Chaurand v. Angerstein, Peake, 44; while, on the other

hand, it does not seem to be contended that the opinions of witnesses can be received when the inquiry is into a subject-matter the knowledge of which is not such as to require any peculiar habits or study, in order to qualify a man to understand it:'" 1 Greenleaf's Evid. note 3, sec. 440.

In certain counties of the commonwealth surveyors, who are men of experience in their profession and are usually compelled to expend considerable time in making surveys and drafts and thus prepare themselves for expressing an opinion in regard to the location of surveys, as determined by corners, calls and lines, are regarded as experts and special provision is made in the law for their compensation.   See Act of April 8, 1873, P. L. 564.

It is not apparent, however, that the claimants in the case under consideration are experts in the sense in which that term is generally used with reference to men of science, nor did the character of the opinions which they were called upon to give require such previous study and training or investigation as is usually required on the part of those who are called as technical experts.

We are of opinion, therefore, that the demands of the claimants, based upon the alleged special contract, should have been disallowed and, after deducting the portion of the several claims barred by the statute of limitations, they should have been allowed only so much as they were entitled to receive as compensation for attendance of witnesses as allowed by law.

The witnesses in this case were interested in the general question but not in the claims of each other.   They were, therefore, probably competent witnesses to prove each other's claims, although the contract, as appears by the evidence, seems to approach dangerously near that of a joint contract.   The court, however, having the witnesses before them and finding that the contract was not joint, we acquiesce in that finding, particularly in view of the fact that the case is ruled upon the larger and broader ground.

The decree of the orphans' court is, therefore, reversed and the record is remitted in order that the amounts due the several claimants may be reconsidered and readjusted in accordance with this opinion.